## JOHN HEDGES v. THE FARMERS' BANK.

High Court of Errors and Appeals. October 18, 1821.

*Ridgely's Notebook III, 506.*

[*McLane* and *Rodney* for plaintiff in error. *Black* for defendant in error.]

This case was held under consideration until the 20th instant, after the argument of *Robeson's Administrators against The Farmers' Bank.*

---

THE CHANCELLOR said that the pressure of business was such that the Court had not had time to commit to paper the facts as they had occurred in this cause, nor to advert to and compare the circumstances of the transaction with the cases which had been cited in the argument. And this, he said, is not necessary to be done, because in the case stated in the record every circumstance upon which the question turned was minutely detailed, and the law arising upon the facts there was too clear to admit of any doubt.

The Bank, without any consent or agreement with Hedges, the indorser, on October 19, 1818, accepted a confession of judgment from Walker, the drawer, on a suit brought on this note, and gave him a stay of execution until the first day of June, 1819. Here, after Hedges, the indorser, was fixed, time was given to the drawer, and thereby it was put out of the power of Hedges to secure himself. It is the settled doctrine that if the holder of the note gives time, he does it at his peril. Hedges might have come in after he was fixed and paid the money, and then recovered against Walker; but after the judgment was confessed, he could not have paid the money and resorted to Walker before the expiration of the stay of execution. The true point in this case is whether Hedges, by paying the money after this confession of judgment, could have had a remedy against Walker before the first of June, 1819. He certainly could not, because the Bank was the proprietor of the note and had a right to make its own terms with Walker, which Hedges could not violate. A payment by him would have been voluntary, and contrary to the arrangement between the Bank and Walker, for which no suit would lie. Hedges could have been continued liable only by reserving the remedy against him with his consent.

Judgment reversed unanimously, COOPER, J., *hesitante.*